STATE OF MAINE
KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. *CV07-258*
*NR - KEN - 9/25/2007*

| | | |
|---|---|---|
| STATE OF MAINE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CONSENT JUDGMENT |
| | ) | DONALD |
| PIKE INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant | ) | JAN 2 4 2008 |

WHEREAS, Pike Industries, Inc. ("Pike") has consummated the purchase of the aggregate and hot mix asphalt production assets of various firms within the State of Maine within the preceding 5 years, including most recently the purchase of such assets from Blue Rock Industries, Inc. ("Blue Rock"), a Maine corporation with headquarters in Westbrook, Maine on or about December 16, 2005; and

WHEREAS, the State of Maine, by and through its Attorney General, filed the Complaint herein alleging violations of 10 M.R.S.A. §§ 1101, 1102, 1102-A, 1104, and 5 M.R.S.A. § 207, seeking injunctive relief to remedy and prevent adverse effects on competition which have resulted or may result from these acquisitions, on _____ *8/31*____, 2007; and

WHEREAS, The parties have consented to the entry of this Judgment for the purposes of settlement only, without this Judgment constituting evidence against or any admission by any party, and without trial of any issue of fact or law, and without this Judgment constituting any admission of liability or wrongdoing by Defendants or any other party, and with the understanding that Defendants' position is that they have at all times been in compliance with all applicable laws, and with the understanding that by entering into this Agreement, Defendants do

Ct

not agree or concede that the claims or allegations asserted by the State have merit, except that the Defendant admits to this Court's jurisdiction;

NOW, THEREFORE, before the taking of any testimony and without trial or adjudication of any issue of fact or law, and upon consent of the parties hereto, it is hereby ORDERED and DECREED as follows:

## I. JURISDICTION

This Court has jurisdiction of the subject matter of this action and over the Defendant. The Complaint states a claim upon which relief can be granted against the Defendant under 10 M.R.S.A. § 1102-A and 1104.

## II. DEFINITIONS

As used in this Consent Judgment:

(a) "Pike" means Pike Industries, Inc. and all its employees, servants, officers, agents, directors, foreign and domestic parents, subsidiaries, predecessors, partners, joint venturers, affiliates and representatives of any of the foregoing.

(b) "Blue Rock" means Blue Rock Industries, Inc. and all its employees, officers, agents, directors, foreign and domestic parents, subsidiaries, predecessors, partners, joint venturers, affiliates and representatives of any of the foregoing.

(c) "Hot Mix Asphalt" means bituminous asphalt surfacing material manufactured by mixing liquid asphalt binder with sand and stone aggregates.

(d) "Aggregate" means the sand and stone material mined from quarries and gravel pits used in the production of Hot Mix Asphalt.

(e) "Maine DOT QA/QC Projects" means road resurfacing work under the State of Maine Department of Transportation Quality Assurance/Quality Control Program.

CZ

2

(f) Any reference to "Westbrook" in conjunction with "Facility," "Quarry," "Site," "Hot Mix Plant" or otherwise means the Pike facilities acquired from Blue Rock Industries located at 58 Main Street, Westbrook, Maine.

## III. REMEDY

A. <u>Sales of Aggregate.</u>  For a four year period commencing with the date of this Judgment, Pike shall sell stone mined from its Westbrook Quarry in sizes appropriate for use in Maine QA/QC projects to any firm intending to use the stone to produce hot mix for use in Maine QA/QC projects.  Pike shall charge such firm(s) the price it charged Commercial Paving in 2006, adjusted annually by the price index issued by the Bureau of Labor Statistics for aggregate, entitled "Crushed and Broken Stone," (WPU 13210121).  At its option, Pike may elect to meet its obligation under this subparagraph with stone mined from its quarry on Spring Street in Westbrook, Maine.  Pike's obligation to sell pursuant to this subparagraph shall not extend to any firm that fails to provide reasonable assurances of payment to Pike for the stone sold.  If Pike declines to sell to any such firm because of the failure to provide reasonable assurance of payment, Pike shall notify the Attorney General within 10 days thereof.

B. <u>Access to Site.</u>  For a four year period commencing with the date of this Judgment, Pike shall license any firm performing a State of Maine DOT QA/QC project to locate a portable hot mix plant into Pike's Westbrook Facility solely for the purpose of producing hot mix asphalt to install on any DOT QA/QC project.  As a condition for occupying Pike's Westbrook Site, any such firm shall provide proof to Pike it has obtained required environmental permits or other governmental permits, and insurance coverage sufficient to protect Pike from any negligent act or environmental damage caused by such firm. Any such firm shall execute a temporary license in a form, and shall covenant to purchase aggregate from Pike's Westbrook Facility for use on

CƐ

the State of Maine DOT QA/QC project at the price provided in Paragraph III.A. Pike's obligation to license space or sell stone pursuant to this subparagraph shall not extend to any firm that fails to provide reasonable assurances of payment to Pike for rents due or for stone sold. Nothing in this sub-paragraph shall preclude Pike from requiring the firm to conduct its activities at Pike's Westbrook Facility in a reasonable manner so as not to disrupt or threaten Pike's current operations. In the event that Pike declines to license the firm to locate its portable plan at Pike's Westbrook site because of any failure of the firm to provide proof of required environmental or other governmental permits, or appropriate insurance coverage, or failure to provide reasonable assurances of payment to Pike, or inability to reach a mutually acceptable license agreement, or if Pike terminates the license without the licensee's consent, Pike shall notify the Attorney General within 10 days thereof.

C.  Pike hereby authorizes Maine DOT to advertise the availability of aggregate for sale by Pike at its Westbrook Site, and/or access to Pike's Westbrook Site for the location of a portable plant, in Maine DOT's solicitation for bids for QA/QC Hot Mix Asphalt projects within a 25-mile radius from Pike's Westbrook Facility, as provided herein.

D.  Preservation of Assets. Pending expiration of this Consent Judgment, Pike shall take all steps necessary to preserve, maintain and operate the Westbrook Facility in a manner consistent with its current state or in an improved state.

## IV. OTHER RELIEF

A.  Notice of Future Acquisitions. Pike shall provide written notice to the Attorney General at least sixty (60) days prior to acquiring an ownership or control interest in aggregate resources or Hot Mix Asphalt plants located within the State of Maine from firms engaged in the building and maintenance of roads.

CL

4

B.     <u>Post Notice Remedies</u>.  Pike may close on any acquisition in Maine as to which it has provided sixty (60) days prior notice to the Attorney General without prejudice to the Attorney General to seek whatever remedy it deems appropriate to protect the public interest. Nothing in this Consent Judgment shall prevent the Attorney General from challenging any future conduct of Pike under 10 M.R.S.A. §§ 1101, 1102 or 1102-A based in part upon evidence of the cumulative effect of Pike's prior acquisitions.

C.     <u>Investigation Transcripts</u>.  Pike shall not use any information obtained from reading transcripts of investigational hearings conducted under 10 M.R.S.A. § 1107 to its competitive advantage in connection with the production and installation of hot mix asphalt in the state of Maine, including but not limited to the purchase or sale of aggregate material or hot mix asphalt or the bidding on hot mix asphalt installation projects.  Pike shall use best efforts to ensure similarly that no representative, consultant or agent for Pike uses any such information to the competitive advantage of any person or entity.

## V. ASSURANCE OF COMPLIANCE

<u>Interrogatories</u>.  Upon the written request of the Attorney General, Pike shall submit written reports or interrogatory responses, under oath if requested, relating to its offer to sell and its sales of aggregates for DOT QA/QC projects, the prices it charged for them and any license under Articles III A and B.

## VI. APPLICABILITY

A.     This Consent Judgment applies to Defendant Pike, as defined above, and all other persons in active concert or participation with any of them who receive actual notice of this Consent Judgment.

B.     If prior to termination of this Consent Judgment, Pike sells or otherwise disposes of all of its assets, or lesser business units that include the Westbrook Facility, it shall require that the purchaser agrees to be bound by the provisions of this Consent Judgment.

## VII.  RETENTION OF JURISDICTION

Jurisdiction is retained by the Court for the purpose of enabling either party to this Consent Judgment to apply to the Court at any time for such further orders or directions as may be necessary or appropriate for the interpretation or implementation of this Consent Judgment, for the modification of or relief from any of the provisions hereof and for the enforcement of compliance herewith.

## VIII.  PAYMENT OF COSTS

No later than thirty (30) days after the date of this Consent Judgment, Pike shall pay to the Attorney General $20,000 as reimbursement for costs.

## IX.  TERM OF THE CONSENT JUDGMENT

The Consent Judgment shall expire and become without effect five years from the date on which this Consent Judgment was entered.

## X.  PUBLIC INTEREST

Entry of this Consent Judgment is in the public interest.

CL

6

CONSENTED TO ON BEHALF OF
THE STATE OF MAINE BY:


G. STEVEN ROWE
MAINE ATTORNEY GENERAL


Dated:   8-30-07

Christina M. Moylan
Assistant Attorney General
Consumer Protection Division




CONSENTED TO ON BEHALF OF
PIKE INDUSTRIES, INC.

Dated:                                                    8/6/07

Christian Zimmermann, President



It is hereby ORDERED and DECREED as set forth above. Judgment shall enter in

accordance with the above terms, which are incorporated herein by this reference.


Dated:   9/25/07

JUSTICE, SUPERIOR COURT

7

STATE OF MAINE - PLAINTIFF

Attorney for: STATE OF MAINE
CHRISTINA M MOYLAN  - RETAINED 08/31/2007
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

vs
PIKE INDUSTRIES INC - DEFENDANT
3 EASTGATE PARK ROAD,
BELMONT NH 032203603

Filing Document: COMPLAINT
Filing Date: 08/31/2007

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CV-2007-00258

**DOCKET RECORD**

Minor Case Type: OTHER EQUITABLE RELIEF

## Docket Events:

09/04/2007 FILING DOCUMENT - COMPLAINT FILED ON 08/31/2007

09/07/2007 Party(s):  STATE OF MAINE
ATTORNEY - RETAINED ENTERED ON 08/31/2007
Plaintiff's Attorney: CHRISTINA M MOYLAN

09/07/2007 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 09/07/2007
Plaintiff's Attorney:  CHRISTINA M MOYLAN
MAILED TO ATTY. OF RECORD.

09/07/2007 Party(s):  STATE OF MAINE,PIKE INDUSTRIES INC
OTHER FILING - CONSENT TO JUDGMENT FILED ON 08/31/2007
Plaintiff's Attorney:  CHRISTINA M MOYLAN
S/CHRISTIAN ZIMMERMAN, PRESIDENT ON BEHALF OF PIKE INDUSTRIES, INC.

09/26/2007 FINDING - JUDGMENT DETERMINATION ENTERED ON 09/25/2007
NANCY  MILLS , JUSTICE
IT IS HEREBY ORDERED AND DECREED AS SET FORTH ABOVE. JUDGMENT SHALL ENTER IN ACCORPDANCE
WITH THE ABOVE TERMS, WHICH ARE INCORPORATED HEREIN BY THIS REFERENCE.
COPIES TO ATTYS. OF RECORD.

ORDER - CONSENT DECREE ENTERED ON 09/25/2007
NANCY  MILLS , JUSTICE
IT IS HEREBY ORDERED AND DECREED AS SET FORTH ABOVE. JUDGMENT SHALL ENTER IN ACCORPDANCE
WITH THE ABOVE TERMS, WHICH ARE INCORPORATED HEREIN BY THIS REFERENCE.
COPIES TO ATTYS. OF RECORD.
Judgment entered for STATE OF MAINE and against PIKE INDUSTRIES INC.

09/26/2007 FINDING - FINAL JUDGMENT CASE CLOSED ON 09/26/2007

A TRUE COPY
ATTEST: _____
                    Clerk